**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**JAVAN P. SMITH, pro se and ex rel:**
**JOSHUA WILLIAM SMITH, and ex rel:**
**COUNTY OF BEXAR, STATE OF TEXAS,**

    **Plaintiff,**

    **v.**                                **CIVIL ACTION NO. 2:07cv41**

**PINES TREATMENT CENTER and**
**UNKNOWN OTHERS,**

    **Defendants.**

## MEMORANDUM DISMISSAL ORDER

Pro se plaintiff, Javan P. Smith, filed this action in his own right and on behalf of his minor son, Joshua William Smith, County of Bexar, and State of Texas. The plaintiff brought this action to seek enforcement of an ex parte temporary restraining order issued by the District Court of Bexar County on January 22, 2007, in order to obtain immediate custody of Joshua Smith pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), VA. CODE ANN. § 20-146.1 et seq., and the Parental Kidnaping Prevention Act ("PKPA"), 28 U.S.C. § 1738A.[1]  The plaintiff indicates that he has

---

[1] The plaintiff also brings this action pursuant to the United States Constitution, as he seeks the return of custody of his child pursuant to a writ of habeas corpus under 28 U.S.C. § 1651. However, the Supreme Court has held that "[a]s to the control and possession of [a] child, as it is contested by its father and its grandfather, it is one in regard to which neither the Congress of the United States nor any authority of the United States has any special jurisdiction." In re Burrus, 136 U.S. 586, 594 (1890). Thus, there is no federal jurisdiction for this custody claim.

had sole custody of Joshua Smith since October 2, 2002, and that the ex parte temporary restraining order at issue authorizes local law enforcement officials to take his minor son into protective custody at the Pines Treatment Center in Norfolk, Virginia, and return him to the plaintiff's custody.  The plaintiff alleges that Sarah Ann Burlew Smith, the mother of Joshua Smith, has interfered with his custody rights, presumably by removing the child from his custody and taking him to the Pines Treatment Center.  According to the plaintiff, Sarah Smith is a present danger to Joshua Smith.  As a result, the plaintiff seeks the enforcement of the ex parte temporary restraining order and the immediate return of custody.

## Subject Matter Jurisdiction

"'Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.'" Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (en banc) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)).  The parties to an action cannot confer, nor waive subject matter jurisdiction. Id. (citing United States v. Cotton, 535 U.S. 625, 630 (2002)).  "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Steel Co. v. Citizens for a Better Env't, 523 U.S.

83, 94-95 (1998) (quoting <u>Mansfield, C. & L.M. Ry. Co. v. Swan</u>, 111 U.S. 379, 382 (1884)). Therefore, this court may raise issues of subject matter jurisdiction <u>sua sponte</u> if it appears at any time during the proceedings that the court's exercise of jurisdiction would be improper. <u>Brickwood Contractors, Inc.</u>, 369 F.3d at 390 (citing <u>Bender</u>, 475 U.S. at 541); <u>see</u> <u>Lovern v. Edwards</u>, 190 F.3d 648, 654 (4th Cir. 1999); <u>Ashby v. Isle of Wight County Sch. Bd.</u>, 354 F. Supp. 2d 616, 631 (E.D. Va. 2004). As such, Federal Rule of Civil Procedure 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." FED. R. CIV. P. 12(h)(3).

In this case, the plaintiff pleaded in his jurisdictional statement that this court has federal question jurisdiction under the UCCJEA and the PKPA.[2] The UCCJEA, which is a state statute, provides that a court of the "Commonwealth shall accord full faith and credit to an order issued by another state and consistent with this act that enforces a child custody determination by a court of another state . . . ." VA. CODE ANN. § 20-146.34. Because the UCCJEA is only a state procedural statute adopted by the Virginia

---

[2] This court has held, however, that the "mere allegation that a federal statute has been violated is not sufficient [to establish subject matter jurisdiction]." <u>Ashby</u>, 354 F. Supp. 2d at 631 (citing <u>Mulcahey v. Columbia Organic Chems. Co.</u>, 29 F.3d 148, 154 (4th Cir. 1994)); <u>Scott v. Wells Fargo Home Mortgage Inc.</u>, 326 F. Supp. 2d 709, 719 (E.D. Va. 2003).

General Assembly, it does not confer federal question jurisdiction. See Mensah v. St. Joseph County Family Indep. Agency, No. 98-1726, 1999 WL 623733, at *2 (6th Cir. Aug. 11, 1999); Becker v. California, No. 92-16676, 1994 WL 41073, at *1 (9th Cir. Feb. 10, 1994) (unpublished table decision); Rogers v. Platt, 814 F.2d 683, 690 (D.C. Cir. 1987); Cahill v. Kendall, 202 F. Supp. 2d 1322, 1329 (D. Ala. 2002).

In addition, the PKPA, which is a federal statute, merely provides that the authorities of every state shall give full faith and credit to child custody determinations. 28 U.S.C. § 1738A. Congress has explained that one of the chief purposes of the PKPA is to "avoid jurisdictional competition and conflict between State courts." Thompson v. Thompson, 484 U.S. 174, 177 (1988) (internal quotations omitted). As such, the Supreme Court has held that "the context, language, and history of the PKPA together make out a conclusive cause against inferring a cause of action in federal court to determine which of two conflicting state custody decrees is valid." Id. at 187; see In re Larch, 872 F.2d 66, 68 (4th Cir. 1989); Esser v. Roach, 829 F. Supp. 171, 175-77 (E.D. Va. 1993) (explaining that Thompson establishes that the PKPA affords no private, federal cause of action, therefore leaving plaintiff's right to relief in state court). Therefore, the plaintiff cannot obtain relief under the PKPA, as it does not confer federal question jurisdiction.

Because it is apparent that no federal subject matter jurisdiction exists, this court finds that it lacks such jurisdiction. Therefore, this action is **DISMISSED** without prejudice to file the claim in state court. The Clerk is **DIRECTED** to send a copy of this Memorandum Dismissal Order to the plaintiff.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith

Norfolk, Virginia

January 31, 2007